IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH RICHARDSON     )
             )
    Plaintiff,    )  No.  97 C 4050
  v.         )
             )  Judge Robert W. Gettleman
KEITH ANGLIN, Warden    )
Danville Correctional Center[1]   )
             )
    Defendant.   )

## MEMORANDUM OPINION AND ORDER

   Petitioner Joseph Richardson has filed a pro se petition for habeas corpus relief pursuant

to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.

For the reasons discussed below, the habeas petition is denied, and the court declines to issue a

certificate of appealability.

## BACKGROUND

   Petitioner was convicted of murder, armed violence, and aggravated battery with a

firearm after a 1995 jury trial in the Circuit Court of Cook County.  The evidence at trial

established that petitioner, Joe Mapp, and Joe Martin conspired to rob Larry Shelton at gunpoint.

The men agreed that Shelton, who owed money to Martin, would be killed if he refused to pay

his debt, and that petitioner would drive the men from the scene after the robbery.  When the trio

located Shelton early in the morning on August 12, 1993, Mapp and Martin, armed with

---

[1]Keith Anglin is the current Warden of the Danville Correctional Center and is thus the
proper respondent in this habeas corpus action. See Rule 2(a) of the Rules Governing Section
2254 Cases in the United States District Courts. The court therefore substitutes Anglin as the
respondent. See Fed.R.Civ.P. 25(d) (an order of substitution may be entered at any time).

handguns, approached him; Martin confronted Shelton and shot him in the head, mortally wounding him.

Petitioner moved for a new trial in the Circuit Court, but the trial court denied his motion and sentenced him to forty-three years of imprisonment. Defendant then filed a motion for reconsideration and to reduce sentence, which the court denied on February 16, 1996.

A direct appeal was taken to the Illinois Appellate Court, wherein petitioner contended that: (1) the trial court abused its discretion by failing to appropriately balance aggravating and mitigating factors when fashioning a sentence and improperly enhanced his sentence; (2) the trial court erred in denying petitioner's motion to quash his arrest and suppress his post-arrest statement; (3) the trial court violated petitioner's right to present a defense by excluding alternative-suspect evidence; and (4) the prosecution's closing argument was so improper as to violate petitioner's right to a fair trial. In February of 1997, the Appellate Court rejected these arguments and affirmed the defendant's convictions and sentence. People v. Richardson, No. 1-96-0679 (Ill. App. Ct. Feb. 20, 1997) (unpublished order pursuant to Illinois Supreme Court Rule 23). Petitioner filed a request for rehearing in the Appellate Court, which was denied on May 13, 1997. Petitioner filed a pro se petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied on October 1, 1997. Petitioner's PLA addressed the same claims that had been raised to the Illinois Appellate Court. Petitioner filed a petition for certiorari that was denied on February 23, 1998. Richardson v. Illinois, 522 U.S. 1123 (1998) (mem.).

On August 21, 1998, petitioner mailed a pro se post-conviction petition pursuant to 725 ILCS 5/122-1 et seq. to the Circuit Court of Cook County.  The petition was filed-stamped in the circuit court on September 1, 1998. Petitioner filed an amended petition for post-conviction

relief on April 6, 1999. Counsel was subsequently appointed and filed a supplemental petition for post-conviction relief. In these petitions, petitioner argued that: (1) he was denied his rights to fair trial and an impartial jury where prosecutors indoctrinated jurors on the State's theory of the case during voir dire; (2) his right to confront witnesses against him was denied when a hearsay-witness informed the jury that an unavailable witness had implicated petitioner; (3) he was denied effective assistance of trial counsel; and (4) he was denied effective assistance of appellate counsel. The trial court denied relief in September 2007, declining to consider the timeliness of the appeal and instead denying relief on the merits, holding that petitioner had failed to make a substantial showing of a constitutional violation.

Petitioner appealed to the state appellate court, presenting the same issues as in the trial court. On September 30, 2010, the appellate court affirmed the judgment of the trial court, holding that the petitioner's post-conviction petition was due by April 1, 1998, six months after the denial of his petition to appeal, and was therefore untimely. People v. Richardson, No. 1-07-2627 (Ill. App. 2010). Petitioner sought rehearing on the timeliness issue, but his petition was denied on October 29, 2010.

Petitioner then filed a petition for leave to appeal to the Supreme Court of Illinois, arguing that the appellate court had denied petitioner his Fourteenth Amendment right to due process by allowing the State to raise a new argument as to untimeliness on appeal. The PLA was denied on January 26, 2011.[2]

---

[2]Petitioner also pursued three additional collateral attacks in the state trial and appellate courts, but did not pursue those actions in the state supreme court.

Petitioner originally filed his § 2254 petition in this court in June 1997, arguing that: (1) the state trial court erred in denying his motion to suppress; (2) the prosecutor at trial engaged in prosecutorial misconduct during closing argument; and (3) his sentence was excessive. In September 1998, petitioner moved to voluntarily dismiss the petition without prejudice pending the exhaustion of his claims in state court. This court granted the petition, allowing petitioner to "reinstate 60 days following the exhaustion of the petitioner's state court remedies."[3] On March 24, 2011, petitioner moved to reinstate his § 2254 petition and this court granted the motion. Petitioner filed an amended petition raising the following claims:

1.    the trial court abused its discretion and violated the Eighth Amendment by imposing a forty-three-year sentence;

2.    police lacked probable cause to arrest petitioner;

3.    prosecutorial misconduct during closing argument violated petitioner's right to a fair trial;

4.    the prosecution violated petitioner's right to an impartial jury by using voir dire to indoctrinate prospective jurors in the prosecution's theory of the case;

5.    appellate counsel was ineffective for failing to:
(A) raise the voir-dire claim; and
(B) present "the correct theory of probable cause" to support petitioner's Fourth Amendment claim;

6.    trial counsel was ineffective for:
(A) failing to present "the correct theory of probable cause" at the pretrial suppression hearing; and
(B) eliciting police officer's testimony that a co-defendant had implicated petitioner in the murder;

---

[3]The Seventh Circuit has stated that a dismissal with leave to reinstate is treated as a stay, as opposed to a dismissal, and the court retains jurisdiction. See Balt. & Ohio Terminal Ry. Co. V. Wis. Cent. Ltd., 154 F.3d 404, 407-408 (7th Cir. 1998).

7.      the introduction of police officer's testimony that co-defendant had implicated petitioner violated the Confrontation Clause; and

8.      the state appellate court violated petitioner's due process rights by improperly reversing the trial court's decision to excuse the untimely filing of petitioner's post-conviction petition.

## LEGAL STANDARDS

### I.   28 U.S.C. § 2254

This petition is governed by the provisions of the AEDPA, see Lindh v. Murphy, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal courts are not authorized to grant habeas relief based on errors of state law. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citations omitted).

The court can grant an application for habeas relief only if the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." Williams v. Taylor, 526 U.S. 362, 383 (2000).

A state court's decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from relevant Supreme Court

precedent and arrives at a result opposite to" the Court. Id. at 404-06. The decision by a state court is deemed to involve an "unreasonable application" of clearly established federal law if the state court correctly identifies the governing legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. Johnson v. Bett, 349 F.3d 1030, 1034 (7th Cir. 2003) (citations omitted). A federal habeas court, however, "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." Williams, 562 U.S. at 409. It is a difficult standard to meet, because unreasonable means "something lying well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

## II. Procedural Default

Further, before a state habeas petitioner is allowed to pursue his claims in federal court, he must exhaust his remedies in the state courts. 28 U.S.C. § 2254(b); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (failure to take claim through one complete round of appellate process results in procedural default). In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court. See O'Sullivan, 526 U.S. at 845. If the petitioner's claims are not exhausted in state

6

court, they are procedurally defaulted, and a federal court may not consider them on the merits. Id. at 848.

Failure to properly exhaust state remedies can also occur when the state court disposes of the claim on an independent and adequate state procedural ground. Coleman v. Thompson, 501 U.S. 722, 729 (1991). For a state's procedural ground to be adequate, it must be applied in a "consistent and principled" manner, meaning that it is "firmly established and regularly followed." Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003) (citations omitted). For the state court's decision to be independent, "the court must have actually relied on the procedural bar as an independent basis for its disposition of the case." United States ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001) (internal quotations and citations omitted). Further, the state court's reliance on the procedural bar must be clear: "[a] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000) (quoting Harris v. Reed, 489 U.S. 225, 263 (1989)).

A federal court may excuse procedural default if the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To demonstrate cause and prejudice, the petitioner must show that an "objective factor external to the defense impeded [petitioner's] counsel's efforts to comply with the State's procedural rule," such as: "(1) interference by officials that makes compliance . . . impractical; (2) constitutionally ineffective assistance of counsel; [or] (3) a showing that the factual or legal

basis for a claim was not reasonably available to counsel." <u>Guest v. McCann</u>, 474 F.3d 926, 929 (7th Cir. 2007) (internal quotations and citations omitted). "Fundamental miscarriage of justice . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent. To show 'actual innocence,' [the petitioner must] present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." <u>Dellinger v. Bowen</u>, 301 F.3d 758, 767 (7th Cir. 2002).

## ANALYSIS

I.      **Claims 1-3: Eighth Amendment Claim, Probable Cause, and Prosecutorial Misconduct**

For this court to reach the merits of his claims, petitioner must clear two procedural hurdles: exhaustion of remedies and procedural default. <u>See</u> <u>Rodriguez v. Peters</u>, 63 F.3d 546, 555 (7th Cir. 1995). The exhaustion requirement demands that a petitioner take his claims to the state courts first, if the state courts "have not yet had a full and fair opportunity to consider the petitioner's constitutional claims and remain open to address [his] claims . . . ." <u>See</u> <u>Cawley v. DeTella</u>, 71 F.3d 691, 693 (7th Cir. 1995). The parties agree that petitioner has exhausted his state court remedies.

Procedural default may occur in one of two ways: (1) when a petitioner fails to raise an issue on direct appeal or post-conviction review properly, <u>see</u> <u>Rodriguez</u>, 63 F.3d at 555; or (2) when the state court rests its judgment on an adequate and independent finding of procedural default under state law. <u>See</u> <u>Patrasso v. Nelson</u>, 121 F.3d 297, 301 (7th Cir. 1997); <u>Williams v. Chrans</u>, 894 F.2d 928, 934 (7th Cir. 1990). If a petitioner has procedurally defaulted with respect to a habeas petition claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates: (1) cause for and prejudice from failing to raise the claim earlier; or (2)

8

that the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

If a petitioner does not argue that the prejudice and or miscarriage of justice exceptions apply to his default, then the court "cannot consider his claim." Crockett v. Hulick, 542 F.3d 1183, 1193 (7th Cir. 2008).

**A.**     **Claim I: Eighth Amendment Violation**

As mentioned above, a federal court may not address the merits of a habeas claim unless the petitioner has "fairly presented" the federal issue to the state courts. See Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir. 1992). "[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court." Verdin, 972 F.2d at 1474 (quoting Picard v. Connor, 404 U.S. 270, 277 (1971)). The court must consider "whether the petitioner's argument '(1) rel[ied] on pertinent federal cases; (2) rel[ied] on state cases applying constitutional analysis to a similar factual situation; (3) assert[ed] the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege[d] a pattern of facts that is well within the mainstream of constitutional litigation.'" Momient-El v. DeTella, 118 F.3d 535, 538-39 (7th Cir. 1997), cert. denied, 118 S.Ct. 448 (1997), (quoting Verdin, 972 F.2d at 1473-74). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claim are procedurally defaulted." Woods v. Schwartz, 589 F.3d 368, 373 (7th Cir. 2009).

Petitioner's April 1997 direct-appeal petition for leave to appeal to the Supreme Court of Illinois did not allege that the trial court had violated petitioner's Eighth Amendment rights.[4] The PLA alleged that the trial court had abused its discretion by sentencing petitioner to forty-three years of imprisonment, failing to properly balance aggravating and mitigating factors, and improperly enhancing the sentence of conviction. In support of these allegations, petitioner cited Illinois state law, as well as case law from the state courts. Nowhere in his argument did the petitioner mention the Eighth Amendment. Petitioner did not "rely on pertinent federal cases." Nor did petitioner "rely on state cases applying constitutional analysis to a similar factual situation." Only one of petitioner's cited cases even mentioned the Eighth Amendment. Petitioner cited People v. Davis, 95 Ill.2d 1 (1983), for the proposition that "it is a fundamental principal of sentencing that a court may use an offense of conviction as a factor implicit in such conviction as a factor in aggravation." This statement and citation, however, do not support petitioner's Eighth Amendment argument that the court improperly enhanced his sentence. Davis mentions the Eighth Amendment in three brief contexts: (1) in citing Enmund v. Florida, 458 U.S. 782 (1982), for the proposition that the judge may properly determine whether the death penalty may be imposed on a defendant in the felony-murder context; (2) in citing Lockett v. Ohio, 438 U.S. 586, 604 (1978), regarding the propriety of a trial court's refusal to give a jury instruction listing nonstatutory mitigating factors; and (3) reiterating the petitioner's allegation that his Eighth Amendment rights were violated by the imposition of a death sentence instead of

---

[4]Judge Gaughan's February 20, 1997 opinion regarding petitioner's direct appeal also does not discuss any Eighth Amendment claims, suggesting that petitioner did not raise this claim on appeal.

a prison term. Davis, therefore, does not "apply[] constitutional analysis to a similar factual situation."

Petitioner's brief focused entirely on state sentencing law and did not "assert the claim in terms so particular as to call to mind a specific constitutional right." Nor did petitioner "allege a pattern of facts that is well within the mainstream of constitutional litigation." Therefore, the court finds that petitioner procedurally defaulted his Eighth Amendment claim in the state courts.

Petitioner has not argued that he is entitled to have his default excused because he was prevented from presenting his claim, or that default would result in a fundamental miscarriage of justice. The court therefore rejects petitioner's first claim.

## B.    Claim II: Fourth Amendment Claim

Petitioner alleges in Claim II that his Fourth Amendment rights were violated because the police lacked probable cause to arrest him.[5] The Supreme Court has held that a petitioner may not raise a Fourth Amendment claim in a petition for habeas corpus relief when the state courts have already provided an opportunity for "full and fair litigation" of the claim. Stone v. Powell, 428 U.S. 465, 482 (1976). The Seventh Circuit has interpreted the Stone requirement of a "full and fair" opportunity to mean that:

---

[5]The court notes that although petitioner's second amended petition alleges that his Fourth Amendment rights were violated, the subsequent argument in that petition contradicts his claim. His petition states: "In the present case, Detective Cegielski began looking for the blue Rodeo after Alfred Williams and Larry Gray approached him at the crime scene and told him that the victim LaDonna said 'the three Joes did it' and that Williams and Gray was one of the 'Joes' driving a blue Rodeo. Cegielski looked for the blue Rodeo with Williams and Gray. At this point, Detective Cegielski had probable cause to arrest petitioner because he believed that he had one of 'the three Joes,' as well as the vehicle of another 'Joe,' which was involved in the crime (see Ground Six)." A review of Ground Six, however, indicates that petitioner's claim is that the police officers were told witnesses saw "two Joes," not three, and that the police therefore did not have probable cause to arrest petitioner.

> (1) [a petitioner] has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts.

Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir. 2002). Regarding the third prong of the test, the Seventh Circuit has explained that the state court does not need to have necessarily decided the issue correctly, but must "look to the appropriate body of decisional law." Id. "It takes an 'egregious error' to imply that the state judges have closed their ears and minds to argument—and it is the latter circumstance, not the error itself, that would justify relief under Stone." Id. (citing Turentine v. Miller, 80 F.3d 222, 226 (7th Cir.1996)).

Petitioner cannot demonstrate that the state court deprived him of the opportunity for a full and fair hearing regarding his arrest. Petitioner moved to quash his arrest and the trial court held and evidentiary hearing on his motion. After hearing argument on the motion, the court determined that the police had probable cause to arrest petitioner.[6] At this hearing, however, petitioner never presented the theory that he now raises in Ground Six: that witnesses informed police officers that they had seen "two Joes" and that officers incorrectly testified that they were told to search for "three Joes."

Petitioner argues that because these grounds were never raised by his counsel at the hearing, he was therefore denied a full and fair hearing. This argument, however, is incorrect. In United States ex rel. Bostick v. Peters, 3 F.3d 1023, 1027 (7th Cir. 1993), the court held that "the petitioner is not denied an opportunity for full and fair litigation if he fails to raise and preserve the claim in state court." Because petitioner was given a full and fair opportunity to present his

---

[6]Petitioner also had the opportunity to present his Fourth Amendment claim on appeal, but did not do so.

arguments regarding lack of probable cause to the trial court and failed to raise and preserve his current theory of lack of probable cause, under <u>Stone</u>, his claim is foreclosed.

The court notes, however, that in Ground Six petitioner argues that this failure to raise and preserve this theory of lack of probable cause was the fault of his trial counsel, and that such an error constitutes ineffective assistance of counsel. Because this claim of ineffective assistance is distinct from petitioner's underlying Fourth Amendment claim, the court will address the claims separately.

**C.     Claim III: Prosecutorial Misconduct**

Petitioner claims that the prosecutor's closing statement at trial was so improper as to violate petitioner's right to a fair trial. Petitioner raised this claim in his direct appeal, but the appellate court held that he had "waived" the claim by failing to object to the comments during closing argument. Because the state court denied this claim on an independent and adequate state law ground, the claim is defaulted.

The appellate court opinion expressly states "[t]he record shows that [petitioner] failed to object to any of the nine statements at trial which he now raises on appeal. Because [petitioner] failed to object at trial, we find that he has waived this issue." Because this his procedural ground does not address the merits of a federal constitutional question it is an independent ground. <u>Szabo v. Walls</u>, 313 F.3d 392, 395-96 (7th Cir. 2002). The state law ground of waiver is "firmly established and regularly followed," and is therefore adequate. <u>Beard v. Kindler</u>, 130 S. Ct. 612, 617 (2009).

Petitioner argues that, although the appellate court did find he had waived the issue, it continued its analysis to address petitioner's claim on the merits, and petitioner should be able to challenge that holding on the merits despite the independent and adequate state grounds.

The Supreme Court has held that no procedural default occurs if the state appellate court's alternative finding constituted a finding on the merits. See Harris v. Reed, 489 U.S. 255, 257–59, 266, 109 S.Ct. 1038, 1040–41, 1045, 103 L.Ed.2d 308 (1989); Coleman v. Thompson, 501 U.S. at 734–35, 111 S.Ct. at 2556–57. Because the appellate court stated that "even if the defendant had preserved this issue for review, we would find that these prosecutorial comments were harmless beyond a reasonable doubt," the court addresses the merits of the claim.

The court finds that the appellate court's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The appellate court reviewed all of the nine allegedly improper statements and concluded four were not improper. Although the court determined that five statements were improper, it concluded that the jury had heard overwhelming evidence to establish petitioner's guilt. Petitioner has demonstrated that this ruling was contrary to federal law or based on an unreasonable determination of the facts.

The court therefore rejects petitioner's third claim.

## II.     Claims IV-VII: Procedural Default

Claims IV through VIII were included in petitioner's amended petition. The court first analyzes the timeliness of those claims. Under 18 U.S.C. § 2244(d)(1), there is a one-year

period of limitation for the filing of a writ of habeas corpus by an individual in state custody.

The one-year period runs from the latest of four potential dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Claims IV-VII, petitioner does not allege a State-created impediment to filing, a newly recognized constitutional right, or a discovery of a factual predicate of a claim. The relevant date for the calculation of the one-year limitation, therefore, is the date on which judgment in the state court became final. The Supreme Court denied petitioner's application for certiorari on February 23, 1998. Under the "anniversary" method of calculation, petitioner had until February 23, 1999, to file a timely petition for habeas corpus relief. Fed. R. Civ. P. 6(a); see also Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002) (adopting "anniversary method" for determining when limitations period expired).

Petitioner filed his first petition in June of 1997 and raised timely claims therein. Those claims are reasserted in the amended petition as Claims I through III and may properly be addressed by this court. However, petitioner did not amend his § 2254 petition until March 2011, over ten years after the deadline. In order for the additional claims in amended petition to be

considered timely, the additional claims must either relate back to the original claims[7] or be subject to statutory tolling of the one-year limitations period.

## A.      Statutory Tolling

Petitioner argues that, pursuant to § 2244(d)(2), the limitation period was tolled pursuant to statute while his state post-conviction petition was pending. The statute states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  In Pace v. DiGuglielmo, 544 U.S. 408 (2005), however, the Supreme Court held that a petition for post-conviction relief is not "properly filed" within the meaning of § 2244(d)(2) if the petition was dismissed as untimely by the state court. See id. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002); alteration in original). Since petitioner's state court application for post-conviction relief was denied by the Appellate Court of Illinois as untimely, the petition was not "properly filed" and petitioner is not entitled to statutory tolling of the one-year limitation for the period when his state post-conviction petition was pending.[8]

---

[7]See Mayle v. Felix, 545 U.S. 644, 650 (noting that, under 28 U.S.C. § 2242, a habeas petition may be amended in accordance with the Federal Rules of Civil Procedure and stating the standard for relation back.)

[8]Petitioner argues that the Illinois Appellate Court's decision was in error and contrary to precedent. Petitioner sought leave to appeal that decision to the Illinois Supreme Court and was denied. The judgment in the Appellate Court rested on a state-law procedural ground and, as explained above, cannot be disturbed by this court.

**B.      Relation Back**

An individual may amend his habeas petition to include claims that relate back to the original petition and "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. Rule Civ. Proc. 15(c)(2). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650. Relation back may be properly found "when the new claim is based on the same facts as the original pleading and only changes the legal theory." Mayle, 545 U.S. at 664 n. 7 (citing 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15–82 (3d ed.2004)).

Petitioner's original habeas petition, filed in 1997, raised three grounds for relief: (1) that the trial court erred in denying petitioner's motion to suppress statements and evidence; (2) prosecutorial misconduct at closing argument; and (3) that the trial court considered improper aggravating factors at sentencing. Claims IV-VII of petitioner's amended habeas petition must relate to the same "core of operative facts" in order to relate back to the original filing. Mayle, 545 U.S. at 647.

Claim IV in the petitioner's federal habeas petition alleged that the prosecution violated petitioner's right to an impartial jury by indoctrinating the jury during voir dire. Petitioner's original habeas petition did not mention voir dire or any alleged improprieties in the jury selection process. Because the facts related to Claim IV are distinct from the facts raised in the initial petition, this claim does not relate back.

17

Claim V(a) in the petitioner's habeas petition alleged that appellate counsel was ineffective for failing to raise the voir dire claim. Likewise, this claim concerns the propriety of the voir dire and appellate counsel's litigation choices during the appeal, neither of which were raised in the original petition. The claims do not relate to the same core of operative facts and do not qualify as related to the original petition.

Claim V(b) in petitioner's habeas petition alleged that appellate counsel was ineffective for failing to present the correct theory of probable cause to support petitioner's Fourth Amendment challenge. Although petitioner did raise a claim that his arrest was not supported by probable cause, the facts necessary to demonstrate the ineffective assistance claim are distinct from the underlying claim. Claim V(b) requires analysis of counsel's litigation strategy at the appellate phase, which differs from the underlying facts that petitioner alleged to support his probable cause claim. For this reason, Claim V(b) does not relate back.[9]

Claim VI(a) in petitioner's federal habeas petition alleged that trial counsel was ineffective for failing to present the correct theory of probable cause to support petitioner's Fourth Amendment challenge. Similar to Claim V(b), this claim focuses on counsel's litigation choices rather than the underlying facts of the probable cause claim. For this reason, Claim VI(a) does not relate back.

Claim VI(b) in the petitioner's habeas petition alleged that trial counsel was ineffective for eliciting police officer's testimony that petitioner's co-defendant had implicated petitioner in

---

[9]The court also notes that Claim II, the probable cause claim, failed. Even if petitioner had successfully argued that Claims V(b) and VI(a) relate back, there is no underlying error by counsel to support the ineffective assistance claims.

the murder. This claim is not related to the same core of operative facts raised in petitioner's original petition and therefore does not relate back.

Claim VII in the petitioner's federal habeas petition alleged that the police officer's testimony that a co-defendant had implicated petitioner violated the Confrontation Clause. This claim is not related to the same core of operative facts in petitioner's original petition and therefore does not relate back.

For these reasons, the court denies petitioner's Claims IV-VII.

**III.    Claim VIII: Appellate Court's Ruling of Untimeliness**

Petitioner alleges in Claim VIII that the state appellate court violated petitioner's right to due process when it ruled his state post-conviction petition untimely, despite the trial court's decision to excuse the late filing. Because the factual predicate for this claim did not arise until the appellate court issued its decision, petitioner's one-year limitation period did not begin to run until he became aware of the September 30, 2010, ruling and the basis for his claim. 18 U.S.C. § 2244(d)(1)(D). Because petitioner appealed this decision no later than October 20, 2010, the court will assume the date the one-year limitation began to run on that date.

Because the appellate court held that the postconviction petition was time-barred, petitioner's PLA to the state supreme court did not toll the Section 2244(d)(1)(D) limitations period. Petitioner had until October 20, 2011 to raise this claim, but first raised this claim in his January 10, 2012 amended petition. Claim VIII is therefore untimely.

Claim VIII is not related to the claims pled in the initial petition and therefore does not relate back to the initial filing. See Mayle, 545 U.S. at 664. Nor is petitioner entitled to equitable tolling on this claim. Petitioner has not claimed that he pursued his rights diligently but was

precluded from timely filing this claim by some extraordinary circumstance, as required by Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Instead, petitioner claims that he misunderstood the law and believed that his claim was not due until six months after the denial of petition for writ of certiorari.  Mistake of law, however, is not a basis for equitable tolling. See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008).  Petitioner's Claim VIII therefore be dismissed as untimely.

## IV.     Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter to agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When the court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  Id. at 484-85.  When "the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims . . . a petitioner must also show that jurists could debate whether the court's procedural ruling was correct."  Id.

Here, this court concludes that: (1) petitioner procedurally defaulted on Claims I and IV-VIII;  (2) that Claim II is foreclosed by  Stone v. Powell, 428 U.S. 465, 482 (1976); and that the state court's decision on Claim III was not contrary to established federal law.  The petitioner

has not shown that reasonable jurists could debate these conclusions. The court therefore declines to issue a certificate of appealability on any of petitioner's claims.

## **CONCLUSION**

For the reasons described above, the court denies the petition for habeas corpus and declines to issue a certificate of appealability.

**ENTER:** **September 3, 2014**

**Robert W. Gettleman**
**United States District Judge**